UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17CV-P79-GNS

**CHARLES CHRISTOPHER MOORE**                                        **PLAINTIFF**

v.

**BALLARD COUNTY JAIL** *et al.*                                      **DEFENDANTS**

## **MEMORANDUM OPINION**

Plaintiff Charles Christopher Moore, a convicted inmate at the Ballard County Jail, filed a *pro se* 42 U.S.C. § 1983 complaint proceeding *in forma pauperis*. He sues the following Defendants: the Ballard County Jail; the City of Wickliffe; James Cambell and Mandy Graves, whom he identifies as Ballard County Jail personnel; and Mike Stacy, whom he identifies as a prosecutor in Ballard County. Because Plaintiff is a prisoner initiating a civil action seeking redress from a governmental entity, officer, or employee, the trial court must conduct initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

On October 23, 2017, the Court entered a Memorandum and Order construing the complaint as alleging a false arrest claim under 42 U.S.C. § 1983 and a state-law defamation claim. The Court found that under *Wallace v. Kato*, 549 U.S. 384, 393 (2007), if Plaintiff has a criminal case stemming from the allegations in the complaint that is still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter. Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, the Court ordered Plaintiff to advise the Court in writing as to

the status of the criminal charges against him within 30 days. The Court ordered Plaintiff to state all charges filed against him arising out of the incidents that are the subject of this lawsuit; to provide the Court with the criminal action number(s) for those charges; for all charges, to state whether the charges have been dismissed, are still pending, or whether he has been convicted; if he has been convicted, to state whether a direct appeal or state collateral proceeding is pending; if he has been convicted, to state specifically on what charges he was convicted and provide a copy of the order or judgment of conviction entered in state court; and if any charges have been dismissed, to state specifically what charges have been dismissed and provide a copy of the order or judgment entered in state court. The Court warned Plaintiff that his failure to comply with the Order within 30 days would result in dismissal of this action for failure to comply with an Order of this Court.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Memorandum and Order or to take any other action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at

110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Memorandum and Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: December 5, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Ballard County Attorney
4416.010